**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**TASHA SIMMONS**                                          **CIVIL ACTION NO.**

**VERSUS**                                                 **24-197-BAJ-EWD**

**STATE FARM FIRE AND CASUALTY COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 3, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**TASHA SIMMONS**                          **CIVIL ACTION NO.**

**VERSUS**                                 **24-197-BAJ-EWD**

**STATE FARM FIRE AND CASUALTY COMPANY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand,[1] filed by Tasha Simmons ("Plaintiff"). State Farm Fire and Casualty Company ("Defendant") opposes the Motion.[2] Because Defendant cannot sustain its burden of establishing the requisite amount in controversy, it is recommended[3] that the Motion be granted, and that this matter be remanded to Louisiana state court for lack of subject matter jurisdiction.

### I. BACKGROUND

On January 24, 2024, Plaintiff filed her Petition for Damages, Penalties, and Attorney Fees (the "Petition") in Louisiana state court. Plaintiff alleges that her home was covered by a policy of insurance written by Defendant, which was in effect when a wind and hail storm caused damage to her home.[4] Specifically, Plaintiff claims to have "sustained significant damage to her home" as a result of the storm, including damage which "compromised the integrity of the roof, along with a power outage which lasted approximately five days."[5] As a result of the roof and other damage sustained, Plaintiff alleges that water entered her home and caused additional damage to her

---

[1] R. Doc. 11. *See also* R. Doc. 19 (Plaintiff's "Reply Memorandum in Support of Motion to Remand").

[2] R. Doc. 16.

[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

[4] R. Doc. 1-1, ¶¶ 4-5.

[5] R. Doc. 1-1, ¶ 5.

floors.⁶ Plaintiff further claims that because of the power outage "food that was stored in the plaintiff's refrigerator and freezer spoiled and was lost."⁷ Plaintiff asserts that she filed claims with Defendant, but Defendant "refus[ed] to tender any amounts under its policy" and has acted in bad faith.⁸ She seeks compensatory damages, statutory penalties, and attorneys' fees.⁹

On March 11, 2024, Defendant removed the case to this Court, alleging diversity subject matter jurisdiction.¹⁰ The Notice of Removal provides sufficient information as to the parties' diverse citizenship, as Plaintiff is alleged to be a citizen of Louisiana and Defendant is alleged to be incorporated, and have its principal place of business, in Illinois.¹¹ However, the day after removal, the Court *sua sponte* ordered a telephone conference to address whether the requisite amount in controversy was established.¹² Shortly after the telephone conference, Plaintiff filed the Motion. As explained below, because Defendant has not provided sufficient evidence to satisfy its burden to affirmatively show that the amount in controversy is likely to exceed $75,000, exclusive of interest and costs, Plaintiff's Motion should be granted, and the case remanded to Louisiana state court.

## II.   LAW AND ANALYSIS

### A.  Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the

---

⁶ R. Doc. 1-1, ¶ 5.

⁷ R. Doc. 1-1, ¶ 5.

⁸ R. Doc. 1-1, ¶ 15.

⁹ R. Doc. 1-1, prayer for relief.

¹⁰ R. Doc. 1, ¶¶ intro., 4, 5, 11.

¹¹ R. Doc. 1, ¶ 10.

¹² R. Doc. 5.

district court of the United States for the district…embracing the place where such action is pending." The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal."[13] The removing party has the burden of proving federal diversity jurisdiction.[14] "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[15]

### B. Defendant Has Not Adequately Established the Requisite Amount in Controversy

In the Notice of Removal, Defendant invokes traditional diversity jurisdiction under 28 U.S.C. § 1332(a).[16] In addition to the requirement that the parties be of completely diverse citizenship, which has been adequately established, § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Plaintiff contends that remand is appropriate because Defendant failed to satisfy its burden of proving the requisite amount in controversy.

When, as here, no specific amount of monetary damages is asserted in the petition, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing by demonstrating that it is "facially apparent" that the claims are likely above $75,000.[17] If it is not 'facially apparent from the petition that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[18] The preponderance burden

---

[13] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

[14] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[15] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

[16] R. Doc. 1, ¶¶ intro., 4, 5, 11.

[17] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999), citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[18] *Lottinger v. State Farm Fire and Cas. Co.*, No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014), citing *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

3

forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pleaded. The defendant must produce evidence that establishes that the actual amount in controversy exceeds the jurisdictional amount.[19]

   1. *The Amount in Controversy is Not Facially Apparent from the Petition*

According to the Petition, Plaintiff's residence was damaged by a wind and hail storm on June 17, 2023.[20] The Petition alleges that Defendant prepared an estimate of damages of $9,641.54 on July 21, 2023. After accounting for the $3,228.00 deductible under the policy, the total net payment under that estimate was $6,413.54, with recoverable depreciation of $3,752.48.[21] Plaintiff then claims Defendant removed $600 from the estimate for food loss caused by the power outage, resulting in a new net payment owed of $5,813.54.[22] According to Plaintiff, contrary to either estimate prepared by Defendant, on July 25, 2023, Defendant sent a letter to Plaintiff advising that no payment would be made on the claim because the damages did not exceed the $3,228.00 policy deductible.[23] In response, Plaintiff says she provided Defendant with a $15,400.00 estimate for roof repairs and a $10,500.00 estimate for floor repairs.[24] Plaintiff also seeks penalties and attorneys' fees under the Louisiana Insurance Code for Defendant's alleged arbitrary and capricious failure to pay her claim.[25]

The Petition does not specify the total amount of damages Plaintiff seeks to recover. Defendant acknowledges that the total amount of Plaintiff's contractual claim based on the Petition

---

[19] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[20] R. Doc. 1-1, ¶ 5.

[21] R. Doc. 1-1, ¶ 10.

[22] R. Doc. 1-1, ¶ 11.

[23] R. Doc. 1-1, ¶ 12.

[24] R. Doc. 1-1, ¶¶ 13-14.

[25] R. Doc. 1-1, ¶¶ 15-25.

is $26,500.00.[26] Plaintiff also seeks a penalty under La. R.S. 22:1892[27] which would be 50% of the amount due under the insurance contract—here, $13,250.[28] This brings the amount in controversy to $39,750.00. Applying a standard one-third contingent fee arrangement to the $39,750 results in attorney's fees of $13,117.50, for a total of $52,867.50.[29]

While Plaintiff also seeks damages for mental anguish, Plaintiff does not claim a specific amount for these damages.[30] La. R.S. § 22:1973 provides that "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Louisiana courts typically award $5,000 when no consequential damages are proven.[31] More importantly, a plaintiff is not entitled to recover damages under both La. R.S. § 22:1892 and La. R. S. § 22:1973, although a

---

[26] R. Doc. 16, p. 1.

[27] La. R.S. § 22:1973 was repealed, and La. R.S. § 22:1892 was significantly amended, by Act No. 3 of the 2024 Regular Session, effective July 1, 2024. *See* Act No. 3 of the 2024 Regular Session, Senate Bill No. 232. However, in Louisiana, "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only." La. Civ. Code art. 6; *see Bourgeois v. A.P. Green Indus., Inc.*, 783 So. 2d 1251, 1257 (La. 2001). Because there was no legislative expression in the Act to make it retroactively applicable; because Section 22:1973 is a substantive law; and because another Court in this Circuit has already made an Erie guess that its repeal applies prospectively, Section 22:1973 and the prior version of Section 22:1982 still apply because this case was filed in January 2024 and removed in March 2024. *See Gentilly, LLC v. State Farm Fire and Casualty Co*., No. 23-262, 2024 WL 5246606, at *4, n. 67 (E.D. La. Dec. 30, 2024).

[28] Statutory penalties and attorneys' fees are properly considered when calculating the amount in controversy. *Easley v. Republic Fire & Cas. Ins. Co.,* No. 20-0483, 2020 WL 7344614, at *3 (M.D. La. Nov. 4, 2020), report and recommendation adopted, 2020 WL 7342440 (M.D. La. Dec. 14, 2020) (citations omitted).

[29] R. Doc. 1, ¶ 7. A contingency attorney fee arrangement of 40% would result in a total of $55,650.00.

[30] R. Doc. 1-1, ¶ 25(d).

[31] *See Durio v. Horace Mann Ins. Co*., 2011-084 (La. 10/25/11), 74 So.3d 1159, 1169 (collecting cases); *see also Witten Roofing, L.L.C. v. Liberty Mutual Insurance*, No. 23-1438, 2024 WL 542411, at *4 (W.D. La. Jan. 25, 2024) ("[T]o receive more than the default $5,000 penalty under § 22:1973, the insured must show that it incurred actual damages from the breach of the insurer's duties.") (citation omitted). *Durio* also clarifies that the damages under § 22:1973 is separate and distinct from any contractual damages awarded such that it is not proper to calculate the penalty owed under that provision as 2x the contractual amount owed. *Durio* was decided after *Richardson v. State Farm Fire and Cas. Co*., No. 08-529, 2008 WL 5189963 (M.D. La. Dec. 8, 2008) on which Defendant relies for the proposition that $22,823.79 in repairs and $1750 in structural expenses would be sufficient to establish the amount in controversy.

5

plaintiff may still recover attorneys' fees under § 22:1892 if damages are only awarded under § 22:1973.[32] A plaintiff is limited to recovery under the statute that provides for the greater penalty.[33]

Here, because the Petition does not state the amount of any consequential damages suffered by Plaintiff, § 22:1892 would provide the greater penalty.[34] However, when that penalty is applied to the contractual damages established in the Petition, even with the addition of a reasonable amount for attorneys' fees, Plaintiff's damages do not exceed $75,000, exclusive of interest and costs.

### 2. Defendant Has Not Established the Requisite Amount in Controversy With Other Summary-Judgment-Type Evidence

Defendant does not attach any summary-judgment-type evidence to its Notice of Removal and does not provide any additional evidence to support amount in controversy with its opposition to the Motion. Instead, other than the arguments already rejected, Defendant relies on the

---

[32] *See Lewis v. Auto Club Fam. Ins. Co.*, No. 11-169, 2011 WL 3444312, at *5 (M.D. La. July 7, 2011), report and recommendation adopted, No. 11-169, 2011 WL 3444224 (M.D. La. Aug. 8, 2011) ("A plaintiff may receive penalties under only one of the two statutes, La. R.S. 22:1892 or 22:1973, whichever is higher, although he may receive attorney's fees under R.S. 22:1892 even if he is awarded penalties under R.S. 22:1973. *Kodrin* [*v. State Farm Fire and Casualty Co.*, 2009 WL 614521 (5th Cir. 2009), citing *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 174 (La. 2000) (recovery of statutory damages under R.S. 22:1973 did not preclude recovery of attorney fees under R.S. 22:1892); *Kimble v. State Farm Fire & Cas. Co.*, 2011 WL 1637142 (W.D.La.2011); *Potts v. Southern Fidelity Ins. Co.*, 2011 WL 289239 (E.D.La.2011) (A plaintiff cannot recover penalties under both La. R.S. 22:1973 and La. R.S. 22:1892 for the same conduct; rather, the higher penalty supersedes the lower penalty in calculating the amount in controversy. Because R.S. 22:1973 does not provide for attorney's fees, an insured may recover the greater penalties under R.S. 22:1973 and attorney's fees under R.S. 22:1892."); *see also Grace Com. Properties LLC v. Colony Ins. Co.*, No. 21-3626, 2021 WL 5348700, at *2 (W.D. La. Nov. 15, 2021) ("A plaintiff can only recover penalties under one of these statutes, but may recover attorney fees under § 22:1892 even if he receives punitive damages under § 22:1973. *Kodrin v. State Farm Fire & Cas. Co.*, F.Appx. 671, 678–79 (5th Cir. 2009)."); *Thomas Ind. & Mech. Contr., LLC v. Justice.*, No. 20-1102, 2020 WL 3429892, at *3 (E.D. La. June 23, 2020), citing *Calogero*, 753 So.2d at 174 (Louisiana Insurance Code provisions are mutually exclusive in that plaintiff cannot recover under both); *Griffin v. State Farm Mut. Auto. Ins. Co.*, 2015-0025 (La.App. 1 Cir. 9/18/15), 2015 WL 5515235, at *3 (accord).

[33] *See Witten Roofing, L.L.C.*, 2024 WL 542411, at *4 (citations omitted).

[34] Defendant cites a review of quantum awards for mental anguish in *Brown v. Globe Life and Accident Insurance Co.* R. Doc. 1, p. 4, citing 2015 WL 6459698, at *5 (M.D. La. Sept. 29, 2015) (Jackson J.). However, because *Brown* involved a life insurance policy, the 50% penalty on contractual damages under La. R.S. § 22:1892 was specifically excluded under La. R.S. § 22:1811. Additionally, "[a] simple recitation of cases where plaintiffs have been awarded damages that would exceed the federal jurisdictional amount are not sufficient to establish the amount in controversy." *Snearl v. Crete Carrier Corp.*, No. 21-266, 2021 WL 5817453, at *4 (M.D. La. Nov. 22, 2021), report and recommendation adopted, 2021 WL 5811966 (M.D. La. Dec. 7, 2021).

additional facts that the Petition did not contain a statement that Plaintiff's damages are below the federal jurisdictional amount under La. Code Civ. P. art 893, and that Plaintiff will not execute a binding stipulation limiting her recovery to less than the federal jurisdictional amount. Neither argument is compelling.

La. Code Civ. P. art. 893(A)(1) provides that, while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages, ... a general allegation that the claim exceeds or is less than the requisite amount is required." As to a plaintiff's failure to include an art. 893 allegation in the petition, this Court has repeatedly held that is insufficient to carry the defendant's burden of establishing the amount in controversy.[35] Similarly, Plaintiff's failure to stipulate, while entitled to some consideration, is not dispositive of amount in controversy.[36]

While Defendant shows the Plaintiff can potentially recover $26,500 under the policy, this sum falls well short of the jurisdictional minimum, even when considering the possibility of a 50% penalty on the contractual amounts owed and attorneys' fees. Defendant has not provided any sufficient evidence of other damages to meet its burden. This is particularly true because federal

---

[35] *See e.g. McFarland v. Safeco Ins. Co. of Oregon*, No. 14-25, 2014 WL 4373268, at *3 (M.D. La. Sept. 3, 2014) (Jackson, J.) ("The lack of an Article 893(A)(1) allegation in the plaintiff's petition is also insufficient to carry the defendants' burden of proof."); *Hendrick v. Outback Steakhouse of Florida, LLC*, No. 14-462, 2015 WL 1033774, at *2 n.6 (M.D. La. March 9, 2015) (Jackson, J.) (noting that, while a plaintiff's failure to include an art. 893 allegation is entitled to some consideration, that factor is "not determinative" and is to be considered in light of other evidence) (citations omitted).

[36] *See Johnson v. Wal-Mart Stores, Inc.*, No. 15-107, 2015 WL 952974, at *2 (M.D. La. March 4, 2015) (Jackson, J.) (finding "unavailing" the defendant's argument that the plaintiff's failure to stipulate was evidence of amount in controversy); *H&E Equip. Servs., Inc. v. Leviathan Corp.*, No. 21-246, 2022 WL 264462, at *3 (M.D. La. Jan. 27, 2022) (Jackson, J.) (finding that the plaintiff's refusal to stipulate is insufficient to show amount in controversy); *Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1682561, at *6 (M.D. La. March 15, 2017) (noting that the weight to be accorded a refusal to stipulate is "questionable").

courts are required to presume that a suit lies outside their limited jurisdiction,[37] and any doubt as to the propriety of removal is to be resolved in favor of remand.[38] Accordingly, this case should be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.[39]

### III. RECOMMENDATION

Because the removing defendant, State Farm Fire and Casualty Company, has invoked this Court's subject matter jurisdiction under 28 U.S.C. § 1332, but cannot sustain its burden to establish that the requisite amount in controversy is met, **IT IS RECOMMENDED** that this case be **REMANDED** to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and that the case be **TERMINATED** and **CLOSED** on the Court's docket.

Signed in Baton Rouge, Louisiana, March 3, 2025.

*/s/ Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[37] See *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)

[38] See *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[39] Plaintiff's claims in this case assert violations of state law; thus, this Court does not have federal question jurisdiction under 28 U.S.C. § 1331.